Katherine T. Corrigan, SBN 132226
CORRIGAN WELBOURN & STOKKE,
A PROFESSIONAL LAW CORPORATION
4100 Newport Place, Suite 550
Newport Beach, CA 92660
Telephone: 949-251-0330
Facsimile: 949-251-1181
E-Mail: kate@cwsdefense.com
Attorney for Defendant, JAIME TRAN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case: 2:23-CR-00098-GW |
| Plaintiff, | DEFENDANT'S SENTENCING POSITION |
| vs. | |
| JAIME TRAN, | Sentencing Date: August 5, 2024<br>Hearing Time: 8:00 a.m. |
| Defendant | |

**TO THE HONORABLE GEORGE H. WU, UNITED STATES DISTRICT JUDGE, THE UNITED STATES ATTORNEY'S OFFICE AND ITS ATTORNEYS OF RECORD, KATHRYNNE SEIDEN AND FRANCES LEWIS, AND UNITED STATES PROBATION OFFICER BRYANT COFFMAN:**

Defendant JAIME TRAN (hereinafter the "**Defendant**"), by and through counsel of record, Katherine Corrigan, hereby files Defendant's Position Re Sentencing in the above-entitled matter.

DATED: July 27, 2024 ____/s/_____
Katherine Corrigan
Attorney for Defendant

1

# I.

# INTRODUCTION

Defendant respectfully submits this memorandum to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. Section 3553(a) in light of *United States v. Booker*, 125 U.S. 738 (2005). The Defendant is a young man whose offense conduct is greatly impacted and influenced by his mental illness. His history of treatment for mental health problems demonstrates that this Defendant's life was taken a horrible turn. His actions resulted in serious injuries to 2 people the Defendant did not know.

The Court is well versed in the Defendant's mental health history. The presentence report and the materials submitted to the Court for the competency hearing are confirmation of the impact of Defendant's mental health issues on the offense conduct. The competency hearing (where 2 experts provided reports and testified) was hours long and gave the Court a glimpse into the world of a young man who was on the path of being a dentist but whose mental health issues caused him to spiral into delusional behavior. His mental health issues and his resulting behavior towards others resulted in him no longer being welcome at the UCLA dental school. His connections with family and friends also suffered, and he suffered periods of homelessness.

This certainly does not excuse the Defendant's offense conduct, but it certainly provides the Court with good reason to accept the plea agreement, and to sentence in accordance with the plea agreement. The Defendant requests that the Court impose of sentence of no more than 420 months imprisonment. The proposed sentence is just and will permit the Defendant to receive treatment. Further the proposed sentence satisfies the goals of modern sentencing, and the factors set forth in the Sentencing Reform Act of 1984.

A period of 5 years of supervised release with the terms and conditions of supervised release recommended by probation are adequate to promote respect for the

2

law, satisfy the need to protect the public from Defendant, and serve as general and specific deterrence. This proposed sentence recognizes the factors set forth in 18 U.S.C. §3553 (a). The proposed sentence is adequate to achieve the goals of sentencing.

After full analysis of the sentencing factors in this case, the information provided by the defense and probation, the Defendant requests that the Court impose the following sentence and make the following recommendations:

1. No more than 420 months imprisonment
2. 5-year supervised release
3. Imposition of no fine
4. Imposition of a $400 special assessment
5. The conditions of supervised release articulated in the sentencing recommendation letter found at Docket entry 58
6. A recommendation the Bureau of Prisons house Defendant in the Southern California location due to family ties, and a facility that has adequate mental health services and providers
7. A recommendation that the Defendant be permitted to participate in the RDAP program.

The requested sentence is based on the factors cited in this memorandum, the Presentence Report ("PSR"), the probation officer's sentence recommendation in the PSR, and the Defendant's personal history and characteristics, the under-seal filings associated with the competency hearing, and the Defendant's lack of criminal history. The Defendant believes that such a sentence is reasonable considering the facts of this case.

## II.

## **PROCEDURAL BACKGROUND AND DEFENDANT'S COMMENTS**

### A. *Initial Appearance.*

On February 16, 2023, the Defendant was arrested and appeared in court. He has been detained since that time.

### B. The Plea Agreement.

On May 9, 2024, the Defendant, with the assistance of counsel, entered into a plea agreement with the government. On June 3, 2024, the Defendant entered a guilty plea to Counts 1-4 of the Indictment.

Before the Court is a binding Plea Agreement (under FRCP Rule 11 (c) (1) (C)). The parties have agreed that based on the factors listed in 18 U.S.C. §3553 (a) (1)-(7), and the relevant sentencing guideline factors, that an appropriate sentence in this case is between 420-480 months imprisonment, followed by 5 years supervised release. The special assessment of $400 and an order of restitution is also contemplated. It is anticipated by the parties that the restitution issues will be deferred so that the Government can complete its gathering of relevant documents, and so that defense counsel and the Defendant can consider those materials.

The PSR accurately describes charges and the plea agreement in this Case (See PSR page 5, ¶¶1-8.

### C. Minimum and Maximum Possible Sentence

This case presents 2 mandatory minimum sentences. For the charge of 18 U.S.C. §924 (c), as charged in Counts 3 and 4, the Court must impose of 10-year terms of imprisonment, each of which must run consecutive to any other sentence of imprisonment. Therefore, the mandatory minimum period of imprisonment that the Court must impose for in this case for those counts is a 20-year term of imprisonment.

The statutory maximum sentence that the Court could impose is life imprisonment, followed by a 5-year period of supervised release, substantial fines, and a mandatory special assessment of $400.

## III.

## ACCEPTANCE OF RESPONSIBILITY

### A. Defendant's Acceptance of Responsibility:

The Defendant has accepted responsibility for his conduct and may make a further statement to the Court at the time of sentencing. He conserved the resources of

4

Defendant's Sentencing Position Memorandum

the Government and Court by entering a guilty plea and not proceeding to trial. His guilty plea also enables the victims to not relive from the witness stand the events and trauma they suffered because of the Defendant's offense conduct. He has not obstructed justice. (See PSR page 8, ¶¶26-27.)

## IV.
## THE PRESENTENCE REPORT AND GUIDELINE ANALYSIS ISSUES.

**A. *Defendant's Comments Regarding the PSR:***

**1. *Probation's Analysis of the Case and Sentence Recommendation.***

The probation officer has clearly reviewed a lot of material, and given great consideration to the Defendant's personal history and characteristics, and his mental illness. The probation officer recommends that the Court impose a sentence that is within the parameters set forth in the plea agreement. Probation has recommended a sentence of 450 months imprisonment, followed by 5-years supervised release with terms and conditions set forth in docket entry 58.

## V.
## SENTENCING FACTORS AND ANALYSIS

**1. *Defendant's Personal Characteristics and History:***

**a. *Childhood and Family Structure, and Education.***

The Defendant's personal history, upbringing, and family life are well described in the PSR. He was in his late twenties when he committed the offense conduct underlying Counts 1-4.

Before the Court is a young male offender who is challenged by his mental illness. His appearance (long hair with long bangs covering his face) is indicative of those challenges. The Defendant reported to probation that he was raised by his parents and that they were good caregivers. However, as noted in footnote 1 to paragraph 88 of the PSR, he had previously reported that he had been physically abused by his father, but that he believed it was normal behavior by his father because he had other friends that

suffered similar issues.  The Defendant lacked relationships as a child and was the victim of bullying (which he also reports experiencing during his attendance in dental school.) The Defendant did not express this to the probation officer, but the PSR notes that medical records contained this information.  (See PSR, page 17, ¶89.)

  The Defendant was a good student and is a college graduate.  He was admitted and attended the UCLA dental school for a period of time.  He graduated magna cum laude from California State University, Long Beach.  He reports that the years at CSULB were "the best time of his life."  During that time frame, he reports that he had good friends, spent a lot of time playing basketball and doing volunteer work, such as beach and park clean-ups.  (See PSR page 17, ¶90.) Following his graduation from college, the Defendant was accepted to and attended the UCLA dental school.  Clearly, he must have been very intelligent and a high-level academic performer to achieve acceptance into such a prestigious graduate school.  The Defendant reports that during his first year at dental school, he noticed that his mental health began to decline and he began to have problems with his fellow students. He also reported to probation that he should have left the school, but he went on to attend his second year.  He reported that during his second year in dental school, his psychiatric disorders began to manifest for the first time.  He began to experience perceived episodes of harassment and bullying by his peers (he had noted that the second years was very competitive and that he had labs with other students.)  Students whom he believed were bullying him reported his behavior to the dean of the dental school.  (See PSR, pages 17-18, ¶¶91-92.)

  The Defendant met with the dean, and it was recommended to him that he seek services from the Counseling and Psychological Services (CAPS) that was offered to UCLA students.  The Defendant learned after several months of meetings with CAPS that he was diagnosed with mental health illness/conditions (see PSR, page 18, ¶93 for details of diagnosis.)

  After him receiving these diagnoses, was hospitalized and he was held His diagnoses were also expanded to include more concerning mental health conditions. (see

6

Defendant's Sentencing Position Memorandum

PSR, page 18, ¶94 for details of hospitalization and hold, and additional diagnoses of mental illness.)

After these medical events and hospitalization, the Defendant took a leave from dental school. He resided with his family for a period of time, and did not return to graduate school. His symptoms increased, and he self-admitted himself into a rehabilitation program. In August 2019, the Defendant was again held involuntarily and hospitalized (due to mental illness issues), and was transferred to a mental health treatment center. While he attended A Mission for Michael Mental Health treatment Center, he was further diagnosed with significant mental illness. The treating physicians noted that his "insight and judgment" were significantly impaired. (see PSR, page 18, ¶¶95-98 for details of hospitalization and diagnosis.)

Following this, the Defendant returned home, but at the end of 2019, he declined mental health treatment and exhibited concerning behavior. He eventually left the family home in about December 2021. (see PSR, page 18, ¶94 for details of hospitalization and hold.)

The Defendant's mother remarried when the Defendant was about 5 years old. His stepfather was supportive and a positive role model.

The Defendant has strong family support. The letter attached hereto as Exhibit A demonstrate that support, and articulate positive attributes of the Defendant. The PSR has quotes from many of the letters. (See PSR, pages 18-19, ¶¶95-112.) Between August 2022 and December 2022, the Defendant's mental health rapidly declined. His behavior caused Fountain Valley Police Department to attempt to conduct a welfare check of Defendant, but his parents reported that he had not resided at their home for more than a year. (See PSR, page 19, ¶102.)

**2. Criminal History – Defendant has Zero Criminal History Points**

The Defendant has zero criminal history points and is within Criminal History Category I. (See PSR pages 14-16, ¶¶73-81.)

**3. Defendant's Physical, Mental and Emotional Health.**

7

Defendant's Sentencing Position Memorandum

The Defendant's physical health is described in the PSR. However, he reports that he has no tattoos. (See PSR page 19, ¶¶104-105).

The Defendant's mental and emotional health is detailed in the PSR. (See pages 19-22, ¶¶106-120.) This section of the PSR provides significant detail of the Defendant's mental illness diagnoses, treatment, involuntary hospitalizations, and medication compliance issues.

### 4. History of Substance Abuse:

The Defendant reports substance abuse issues with marijuana. (See PSR page 22, ¶¶121-123.) On this basis, the Defendant requests that the Court recommend that he be permitted to apply for drug treatment in the RDAP program.

### 5. Defendant's Education and Employment History.

The Defendant graduated from high school and college. He graduated magna cum laude. He was accepted to and attended UCLA Dental School until his mental illness impacted his behavior. His spotty employment record appears to be consistent with a person who suffers the effects of mental illness. (See PSR, pages 22-23, ¶¶124-130.)

While at the jail, he has spent his time reading many books.

### 6. Defendant's Financial Condition and Ability to Pay a Fine:

The probation officer has determined that the Defendant cannot afford to pay a fine. (See PSR pages 23-24, ¶¶131-139.)

### 7. Restitution.

The Defendant recognizes that the Court will order him to pay the restitution to the victims in this case. It is anticipated that the parties will request that the restitution amount determination be deferred so that the parties and Defendant will have adequate time to gather and review restitution materials presented by the victims in this.

///
///
///
///

# VIII.
## POST-BOOKER SENTENCING CONSIDERATIONS
## 18 U.S.C. Sections 3553(a) (1)-(7) Humanization Factors

In light of *United States v. Booker*, 125 U.S. 738 (2005), the sentencing guidelines are advisory and are but one factor to be considered by the Court in fashioning an appropriate sentence, to wit, a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. Section 3553(a). The Sentencing Guidelines are only a starting point for the Court in crafting a reasonable sentence. Indeed, under Section 3553(a), the district courts are required to sentence below the range if such a sentence would be sufficient to achieve the purposes of sentencing. As a result, the sentencing guideline range is no longer binding on the Court, as the Sentencing Guidelines are merely advisory today and only one of several factors to be considered in determining sentence. *Booker*, 124 S.Ct. at 764-65. 18 U.S.C. Sections 3553(a) (1)-(7) provide the Court with other factors to include in the fashioning of a reasonable sentence:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentence and the sentencing range established for--
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission

pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced (**the Sentencing Guideline Range**);

5. any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. Section 994(a)(2) that is in effect on the date that defendant is sentenced;

6. the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to victim(s) of the offense.

*Id.*, 18 U.S.C. Sections 3553(a) (1)-(7).

Although the Sentencing Guidelines provide a starting point for the Court's sentencing analysis, the Court "may not presume that the Guidelines range is reasonable." *Gall v. United States,* 552 U.S. 38, 50 (2007). The Court's ultimate duty is to ensure that the sentence imposed reflects the principles set forth in 18 U.S.C. §3553 (a). *See Nelson v. United States,* 555 U.S. 350, 351 (2009). The "overarching provision" of §3553 (a) is "to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the sentencing goals advanced in §3553 (a) (2)." *Kimbrough v. United States,* 552 U.S. 85, 111 (2007). What is more, "the punishment should fit the offender and not merely the crime.'" *Pepper v. United States*, 562 U.S. 476, 487-88 (2011) (quoting *Williams v. New York*, 377 U.S. 241, 247 (1949).)

The Defendant requests that the Court accept the plea agreement and sentence him within the sentencing range cited in the plea agreement, namely between 420-480 months imprisonment. In particular, the Defendant requests that the Court impose a sentence of 420 months imprisonment (35 years), followed by 5 years supervised release (with the conditions of supervised release contained in the sentence recommendation letter disclosed by probation.)

**IX.**

10

Defendant's Sentencing Position Memorandum

# DEFENDANT'S POSITION RE:
# SENTENCING FACTORS AS APPLIED TO DEFENDANT

**1. The proposed sentence considers the personal history and characteristic of the Defendant and the nature of the offense.**

The Defendant's personal history and characteristics are clearly outlined in the PSR and are summarized in the preceding pages.

He accepted responsibility, and understands that his mental health illness must be treated for him to lead a productive life, and to ensure that his mental illness will not impact his behavior negatively. He recognizes that his offense conduct has caused trauma to his victims, the community, and his family.

It is clear that the Defendant suffers from mental illness and that his illness contributed to his offense conduct. The Defendant requests that the Court consider his mental illness in determining the sentence to impose, and to accepting the plea agreement.

**2. The proposed sentence reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense.**

The proposed sentence reflects the seriousness of the offense. There is no question that the offense conduct is serious. Thankfully, the results of the offense conduct were not worse. The Defendant's offense conduct, while very serious was impacted and influenced by his mental illnesses.

The proposed sentence will serve to promote respect for the law and provide adequate and just punishment. The proposed sentence also considers the mitigation factors, Defendant's mental illness diagnoses, and acceptance of responsibility. Significant terms and conditions of supervised release will promote respect for the law, and just punishment. The proposed sentence incorporates his complete lack of criminal history. When combined, these factors provide a path to the requested sentence.

11

### 3. The proposed sentence should not create a disparity in sentencing among similarly situated defendants.

The proposed sentence should not create a disparity among other defendants who are similarly situated. The Defendant's conduct in this case was clearly impacted by his mental illness. The requested sentence acknowledges Defendant's mitigating factors, and other issues raised in this memorandum and the PSR.

### 4. The proposed sentence affords adequate specific and general deterrence to criminal conduct.

The proposed sentence affords both specific and general deterrence to criminal conduct. The Defendant is aware of the sentence he now faces and the implications of long-term incarceration, and the collateral consequences his offense conduct has created. General deterrence goals are satisfied by the proposed sentence. The message that this sentence will send is loud and clear that conduct, like Defendant's, whether impacted by mental illness or not, will have the consequence of substantial imprisonment and restrictive supervised release conditions.

### 5. The proposed sentence protects the public from further crimes of the Defendant.

The proposed sentence in this Case will surely protect the public from further crimes by him. The sentence that is proposed will cause Defendant to be in custody for most of his adult years. He is now 30 years old and faces incarceration into his sixties. He has never faced any period of prison time. Significant terms and conditions of supervised release will provide with Defendant with structure and ensure the Court that if the Defendant does not comply, that he can suffer a serious sanction. A longer sentence is not necessary to protect the public from defendant.

### 6. The Minimally-Sufficient Sentence in the Case

As discussed above, ***Booker*** and Title 18 of the United States Code Section 3553(a)'s parsimony provision impose a statutory cap on sentences, despite what is recommended or prescribed by the sentencing Guidelines: the sentence must be

12

Defendant's Sentencing Position Memorandum

"sufficient, but not greater than necessary" to achieve the purposes of punishment. Section 3553(a) (2) provides that the Court shall impose a sentence **sufficient but not greater than necessary** to comply with Section 3553(a).

The proposed sentencing options proposed in this pleading adequately address the factors this Court must consider in fashioning a sentence in this Case. Justice is served by this proposed sentence. The proposed sentence achieves the goals of deterrence, incapacitation, and rehabilitation.

The Defendant urges the Court to accept the plea agreement, and to sentence him as requested in this sentencing memorandum. The requested sentence comports with the goals of sentencing and 18 U.S.C. 3553 (a) (1)-(7).

## X.
## CONCLUSION

After full analysis of the sentencing factors in this case, the information provided by the defense and probation, the Defendant requests that the Court impose the following sentence and make the following recommendations:

1. No more than 420 months imprisonment
2. 5-year supervised release
3. Imposition of no fine
4. Imposition of a $400 special assessment
5. The conditions of supervised release articulated in the sentencing recommendation letter found at Docket entry 58
6. A recommendation the Bureau of Prisons house Defendant in the Southern California location due to family ties, and a facility that has adequate mental health services and providers

///
///
///

13

Defendant's Sentencing Position Memorandum

7. A recommendation that the Defendant be permitted to participate in the RDAP program.

DATED: July 27, 2024       Respectfully submitted,

_____/s/_____
Katherine Corrigan
Attorney for Defendant

14

# CERTIFICATE OF SERVICE

I, Katherine Corrigan, declare:

That I am a citizen of the United States and resident or employed in Orange County, California; that my business address is Corrigan Welbourn & Stokke, APLC, 4100 Newport Place, Suite 550, Newport Beach, California 92660; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That on **July 27, 2024**, I caused to be transmitted via facsimile or e-mail to the person(s) below and addressed as follows:

DEFENDANT'S SENTENCING POSITION

on the following persons:

Bryant Coffman, USPO     Via E-Mail Bryant_Coffman@cacp.uscourts.gov
United States Probation and Pretrial Services Office

AUSA Frances Lewis     Via email  Frances.Lewis@usdoj.gov
AUSA Kathrynne Seiden   Via email  Kathrynne.Seiden@usdoj.gov
United States Attorney's Office
312 N. Spring St.
Los Angeles, CA 90012

This Certificate is executed on **July 27, 2024** at Newport Beach, California.  I certify under penalty of perjury that the foregoing is true and correct.

Dated:  July 27, 2024                    _____/s/_____
                                         Katherine Corrigan

15

Defendant's Sentencing Position Memorandum